# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LESTER A. WINTERS,<br>Appellant, | DOCKET NUMBER<br>CH-0845-17-0382-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>MANAGEMENT,<br>Agency. | DATE: August 29, 2023 |

## THIS ORDER IS NONPRECEDENTIAL[1]

Lester A. Winters, Miamisburg, Ohio, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal for failure to prosecute. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      On May 30, 2017, the appellant filed a Board appeal of the final decision of the Office of Personnel Management (OPM) in a Federal Employees' Retirement System annuity overpayment case.  Initial Appeal File (IAF), Tab 1.  He did not request a hearing.  *Id.* at 2.  On June 7, 2017, the administrative judge issued an order, directing the parties to appear for a telephonic status conference on June 21, 2017.  IAF, Tab 4 at 1.

¶3      However, on June 15, 2017, prior to the date of the scheduled status conference, OPM filed a motion in which it requested a 30-day extension to submit its case file, describing this as a request for a 30-day suspension of the case.  IAF, Tab 5.  According to the appellant, an employee of either OPM or the Merit Systems Protection Board (it is not entirely clear) notified him by telephone that same day that the appeal was being suspended for 30 days.  Petition for Review (PFR) File, Tab 1 at 4.  The appellant states that he asked whether the scheduled status conference was being postponed, and the employee told him that it was.  *Id.*

¶4      Nevertheless, the administrative judge convened the status conference on June 21, 2017, as scheduled.  OPM appeared for it, but the appellant did not. IAF, Tab 7 at 1.  The administrative judge issued an order rescheduling the status conference for June 23, 2017, reminding the appellant of the need to appear for the status conference, and notifying him of the possibility of sanctions, up to and including dismissal of the appeal, if he failed to appear.  *Id.*  On June 23, 2017, the appellant failed to appear at the rescheduled status conference, so on June 26, 2017, the administrative judge issued another order, rescheduling the status conference for June 29, 2017, and warning the appellant that his failure to appear at that conference would result in dismissal for failure to prosecute.  IAF, Tab 8.

The appellant again failed to appear, and on July 10, 2017, the administrative judge dismissed the appeal for failure to prosecute. IAF, Tab 9, Tab 10, Initial Decision.

¶5    The appellant has filed a petition for review, explaining the circumstances of his failure to appear at any of the three scheduled status conferences. PFR File, Tab 1. OPM has not filed a response.

## ANALYSIS

¶6    An administrative judge may impose sanctions upon a party as necessary to serve the ends of justice. 5 C.F.R. § 1201.43. One sanction available for an appellant's failure to prosecute his appeal is dismissal with prejudice. 5 C.F.R. § 1201.43(b). Dismissal for failure to prosecute is an extreme sanction and should be reserved for situations where an appellant has failed to respond to multiple orders or has otherwise exhibited bad faith or intent to abandon his appeal. *Chandler v. Department of the Navy*, 87 M.S.P.R. 369, ¶ 6 (2000). Further, an appellant should normally receive explicit warning before an administrative judge resorts to this sanction. *See Wiggins v. Department of the Air Force*, 113 M.S.P.R. 443, ¶ 13 (2010).

¶7    In this case, we find that the appellant's failure to appear for the multiple status conferences was the result of a miscommunication and constituted, at most, excusable neglect.[2] According to the appellant's sworn and uncontested statement on review, he stopped monitoring his appeal for 30 days beginning June 15, 2017, and did not appear at the June 21, 2017 status conference because he had been informed that the appeal was being suspended and the status conference postponed. PFR File, Tab 1 at 4. Therefore, the appellant did not

---

[2] OPM was not entirely clear in its motion whether it was requesting a filing extension, a case processing suspension, or both. IAF, Tab 5 at 1. On June 21, 2017, the administrative judge granted OPM an extension but did not suspend case processing. IAF, Tab 7 at 1. This, however, was after the appellant had already stopped monitoring his appeal based on the June 15, 2017 telephone conversation.

receive any of the administrative judge's multiple orders and warnings, all of which were issued during that 30-day period. PFR File, Tab 1 at 4; IAF, Tabs 7-9. When the 30-day period ended, on July 15, 2017, the appellant checked his e-Appeal Online repository, saw that his appeal had been dismissed, and immediately filed a petition for review. PFR File, Tab 1.

¶8    Under these circumstances, we find that it would not serve the ends of justice to dismiss, for failure to prosecute, this pro se appellant's retirement benefits appeal. To be clear, we find nothing improper about the administrative judge's handling of this case or his decision to dismiss the appeal based on the facts he knew at the time. Had the administrative judge been aware of the circumstances surrounding the appellant's failure to respond to his orders, we do not think that he would have imposed this sanction in the first place.

## ORDER

¶9    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                   /s/ for
                                 _____
                                 Jennifer Everling
                                 Acting Clerk of the Board
Washington, D.C.